**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3499-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUAN G. JIMENEZ, a/k/a
KING RECKZ,

     Defendant-Appellant.

_____

          Submitted December 9, 2025 – Decided December 22, 2025

          Before Judges Perez Friscia and Vinci.

          On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-07-0620.

          Carlos Diaz-Cobo, attorney for appellant.

          William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan G. Jimenez appeals from a May 28, 2024 trial court order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends reversal is warranted because he demonstrated ineffective assistance of counsel (IAC) because trial counsel wrongly introduced a self-defense theory at trial and the court incorrectly considered evidence outside of the record. Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

We incorporate the salient facts and procedural history detailed in our prior opinions affirming defendant's conviction and remanding for resentencing, State v. Jimenez (Jimenez I), No. A-5633-12 (App. Div. Feb. 16, 2016) (slip op. at 1-14), and affirming the denial of his first petition for post-conviction relief. State v. Jimenez (Jimenez II), No. 5209-17 (App. Div. Dec. 6, 2019) (slip op. at 1-7). We provide only the pertinent facts relevant to our discussion of the issues presented on appeal.

After a fifteen-day jury trial in 2013, defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2), (count one); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), (count two); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d),

2

(count three). The trial court sentenced defendant on the murder conviction to forty-two years in prison, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. The trial court sentenced defendant on the weapons convictions to concurrent prison terms of one year on count two and four years on count three.

During defendant's trial, jurors heard testimony that during the evening of December 6, 2008, Dennis Gaitan and friends were at a bar in Plainfield until after midnight. After they left the bar, Gaitan had an argument and physical altercation with defendant in the parking lot. During the fight, Gaitan sustained several knife wounds to his neck and upper body. One of the witnesses testified that he saw a man "knife [Gaitan] in his neck." Gaitan's injuries were fatal.

In January 2017, defendant filed his first PCR petition that was supplemented by his first PCR counsel. Defendant argued IAC because trial counsel failed to perform the following: obtain discovery, address Brady[1] violations, challenge the photo-arrays, request a causation jury instruction,

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

A-3499-23

object to hearsay, and request a Wade/Henderson hearing.[2] He also asserted that appellate counsel was ineffective for failing to object to the introduction of overly prejudicial victim images. The first PCR court issued an order accompanied by a written opinion denying defendant's petition without an evidentiary hearing, which we affirmed. We determined defendant only raised new arguments on appeal regarding trial counsel's introduction of out-of-court identifications and PCR counsel's failure to advance all of defendant's IAC arguments. We rejected defendant's new arguments because they were not raised before the first PCR court and substantively lacked merit. We highlighted that two witnesses had identified defendant as the person fighting with Gaitan. Both witnesses had recounted their identification of defendant when shown a photo array out of court.

On February 7, 2019, while the first PCR petition was pending on appeal, defendant filed a second PCR petition raising IAC claims against trial counsel,

---

[2] United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011) (explaining that a Wade/Henderson hearing is a pretrial hearing that assesses the reliability of a witness identification procedure through witness testimony to determine the admissibility of an out-of-court identification of a defendant).

4

appellate counsel, first PCR counsel, and first appellate PCR counsel.[3]  In defense counsel's supplemental brief, defendant argued first PCR counsel failed to advance all of his contentions, including that appellate counsel was ineffective for not raising that the verdict was against the evidence.  Defendant also contended that trial, appellate, and first PCR counsel's cumulative errors resulted in the denial of his entitled relief.

In defendant's second PCR petition's supplemental brief addressing IAC, he argued the following:  appellate counsel, first PCR counsel, and first PCR appellate counsel failed to prepare a proper defense with customary skills; trial counsel erred in arguing self-defense and admitting defendant's guilt; trial counsel erred by failing to request a passion provocation charge; trial counsel raised self-defense against defendant's position and failed to request the self-defense charge; trial counsel wrongly introduced self-defense, which precluded defendant from testifying pursuant to his theory of third-party guilt; the trial court committed reversible error in failing to give a curative instruction or declare a mistrial after the prosecutor's impermissible summation and appellate and first PCR counsel failed to raise this issue; the trial court failed to provide a

---

[3]  We note there is a discrepancy as to the date defendant filed his second PCR petition.

curative instruction regarding a witness' inadmissible testimony; and trial counsel failed to properly investigate the case and obtain evidence. The State's supplemental opposition noted many of defendant's arguments were duplicative and previously adjudicated. After the same PCR court heard argument on defendant's second PCR petition, it was denied without an evidentiary hearing on September 17, 2021.

On September 15, 2022, defendant, self-represented, filed a third PCR petition. He asserted over forty IAC claims, with numerous subparts. Many of the arguments were previously adjudicated on direct appeal or in the prior two PCR petitions. Defendant's third PCR counsel filed a supplemental brief and certifications from defendant and his sister, Naije Morel. Defendant's third PCR counsel argued the following in the supplemental brief: defendant's "counsel failed" to "meet and confer" with him; trial counsel incorrectly asserted the affirmative defense of self-defense; trial counsel wrongly "instructed" defendant not to testify and deprived him of his constitutional right; trial counsel permitted Gaitan's girlfriend to impermissibly testify to her observations of a video; and an evidentiary hearing was mandated.

On May 28, 2024, a different PCR court (second PCR court) issued an order accompanied by a twenty-one-page written opinion denying defendant's

petition without an evidentiary hearing. The second PCR court noted it had reviewed all of defendant's third PCR petition submissions and recounted over forty IAC claims that defendant alleged against trial counsel, appellate counsel, first PCR counsel, first PCR appellate counsel, and second PCR counsel. The second PCR court found many of defendant's points were "merely restatement[s] of prior arguments made in previous [PCRs] and appeals." After substantively considering defendant's numerous IAC claims, the second PCR court determined he failed to satisfy the two-prong Strickland test, as adopted by our Supreme Court in Fritz.[4] It considered defendant's claims that trial counsel committed the following: provided insufficient information regarding the State's plea offer; failed to properly communicate with him; "failed to adequately pursue claims of self-defense and in fact abandoned said defense without discussing it with [him]"; wrongly prevented him from testifying; failed to object to Gaitan's girlfriend's impermissible testimony regarding a video; and multiple other instances of IAC.

The second PCR court found defendant's multiple claims surrounding trial counsel's communication with defendant regarding trial strategy had no merit

---

[4] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

because "no proof [wa]s provided." It explained it would not address trial counsel's strategy because defendant provided only self-serving statements. Regarding Gaitan's girlfriend's testimony about watching "a surveillance" video, the second PCR court explained it had reviewed the transcript of her testimony, which demonstrated she explained reviewing "the video of her interview [by police] to refresh her mind of what she stated during the interview." It found no merit in defendant's argument that she was testifying as a lay witness "to what [she saw] in a video."

On appeal, defendant raises the following points for our consideration:

POINT I

TRIAL COUNSEL WAS INEFFECTIVE BY INTRODUCING A SELF DEFENSE THEORY TO THE JURY DURING OPENING ARGUMENTS WHERE APPELLANT PREVIOUSLY ADVISED COUNSEL THAT HE DID NOT CAUSE THE [DEATH] OF THE VICTIM, THEREBY PRECLUDING A [THIRD] PARTY GUILT DEFENSE AS WELL AS INNOCENCE.

POINT II

THE [SECOND] PCR COURT RELIED ON FACTS NOT IN EVIDENCE AND ACCORDINGLY A TESTIMONIAL HEARING IS REQUIRED.

II.

8

When a PCR court does not hold an evidentiary hearing, our standard of review is de novo as to both the court's factual inferences drawn from the record and the court's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). A petitioner is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

When petitioning for PCR, a defendant must establish, "by a preponderance of the credible evidence," entitlement to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). An evidentiary hearing should only be conducted if there "are material issues of disputed fact" regarding entitlement to PCR "that cannot be resolved by reference to the existing record." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)). To establish a prima facie IAC claim warranting an evidentiary hearing, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel,"

9

but must instead "allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. (quoting Cummings, 321 N.J. Super. at 170).

To succeed on an IAC claim, a defendant must satisfy both prongs of the Strickland test. State v. Hernandez-Peralta, 261 N.J. 231, 247 (2025). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The PCR court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, the defendant must show "the deficient performance prejudiced the defense." Id. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome of the proceeding." Id. at 693. Moreover, courts must "make 'every effort . . . to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Hernandez-Peralta, 261 N.J. at 251 (quoting State v. Pierre, 223 N.J. 560, 579 (2015)).

We recognize that IAC claims against appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record but were not raised as issues on appeal. See State v. Echols, 199 N.J. 344, 361 (2009). Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have found either that no error had occurred or that it was harmless. See State v. Reyes, 140 N.J. 344, 365 (1995); see also State v. Harris, 181 N.J. 391, 499 (2004).

Further, a defendant's constitutional right to effective assistance of counsel extends to counsel's representation in a PCR petition when raising IAC claims. State v. Quixal, 431 N.J. Super 502, 513 (App. Div. 2013). "Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). Further, our Supreme Court has interpreted Rule 3:22-6(d) to "require[] PCR 'counsel [to] advance any grounds insisted upon by

11

defendant notwithstanding that counsel deems them without merit' but '[t]hat mandate does not apply to appellate counsel.'" State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). In addressing a defendant's IAC claim against PCR counsel, on an appeal from the denial of a PCR petition, appellate courts are mindful that generally the claims pertain to "allegations and evidence that lie outside the trial record." Preciose, 129 N.J. at 460. The failure of PCR and appellate counsel "to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." See State v. Worlock, 117 N.J. 596, 625 (1990).

### III.

Defendant first contends trial counsel was ineffective because during his opening statement to the jury, he introduced the theory of self-defense. Defendant asserts he had told trial counsel that he did not cause Gaitan's death and that the introduction of self-defense precluded him from testifying and arguing a third-party guilt defense. He maintains "subsequent appellate and PCR counsel[]" were ineffective for failing to "raise these issues."

We first note defendant made similar arguments in his second PCR petition that the first PCR court denied. Defendant asserted in his second PCR petition's supplemental brief, dated September 2020, that trial counsel was

ineffective for arguing self-defense and admitting defendant's guilt. The first PCR court considered defendant's claims and noted the similarity to arguments previously addressed in defendant's first PCR petition. The first PCR court nevertheless considered the merits of defendant's following claims: trial counsel "committed a structural error by arguing self-defense to murder"; trial counsel "admitted defendant's guilt to the jury in counsel's opening statement and then abandoned [the] same defense"; and first PCR counsel was ineffective for not raising defendant's arguments that trial counsel "failed to request a self-defense or third-party guilt charge." The first PCR court denied defendant's claims because "the requisite level of proof to trigger any relief" was not demonstrated and the "claims for [PCR we]re without merit." After citing Rule 3:22-10(b), the first PCR court denied defendant's petition, finding defendant had "not demonstrated a 'reasonable likelihood that his . . . claim, view[ed] . . . in the light most favorable to the [defendant], will ultimately succeed on the merits.'"

Previously adjudicated PCR claims are procedurally barred. R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings."). A PCR petition is not "an opportunity to relitigate

cases already decided on the merits." Preciose, 129 N.J. at 459. A PCR claim is considered on the "same ground" as a claim already raised by direct appeal when "'the issue is identical or substantially equivalent' to the issue previously adjudicated on the merits." State v. McQuaid, 147 N.J. 464, 484 (1997) (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971)). We, therefore, conclude that Rule 3:22-5 bars defendant's substantially similar claims to those the first PCR court adjudicated on September 17, 2021. Nevertheless, we consider the merits of defendant's claims for completeness as he argues these issues are intertwined with his IAC contention that trial "counsel forced him not to testify."

After reviewing the record, we conclude defendant failed to make a prima facie showing that trial counsel was ineffective for introducing a theory of self-defense during his opening statement and that he was forced not to testify "because [he] would [have] deviate[d] from the" theory of self-defense. The second PCR court correctly found defendant failed to establish a prima facie showing regarding his recast self-defense and related "right to testify" IAC claims.

The record shows trial counsel's opening statement presented a composite of defense arguments. Before opening statements, the trial court addressed with trial counsel whether the theory of self-defense would be presented after it had

received an email indicating that defendant was not "decid[ing] whether or not . . . to pursue a self-defense defense until after the State rests." See R. 3:12-1. Trial counsel explained to the trial court that he was presenting a "hybrid" defense to the jury because open questions existed about what happened and there was "insufficient evidence." He anticipated questioning witnesses to "illuminate beyond the statements that we have [regarding] what happened."

During trial counsel's opening statement, he raised multiple theories, including that a third party was responsible and defendant had defended himself. Trial counsel stated that there were "numerous groups of people" and many individuals had "criminal records." He conveyed that witnesses observed Gaitan was the "aggressor and . . . confront[ed]" defendant and that their two friend groups "converge[d]," leaving defendant's "smaller group in the middle, fighting for their lives." Trial counsel highlighted that "nobody had seen the actual slashing" and that "blame could be cast upon . . . Gaitan himself, maybe others," and "it [was] not proper to cast legal blame upon [defendant]. He[ is] innocent of this crime." Defendant presents no material fact supporting that trial counsel's performance was deficient. The record also supported the trial court's determination that trial counsel's composite of defenses during the opening statement was strategic, which is accorded deference. See State v. Castagna,

187 N.J. 293, 314-15 (2006) (acknowledging the strong presumption that counsel's trial strategy "falls within the wide range of reasonable professional assistance").

Defendant's related argument that he "was forced by trial counsel not to testify" is also belied by the record. During the trial, the court addressed defendant's decision whether to testify. Defendant's trial counsel represented that defendant was "contemplating it and would like a little more time to make the decision" before the State concluded its case. Trial counsel advised the trial court that defendant's "election to testify" would consider his "five convictions" for aggravated assault and the court's ruling on a witness' testimony.

After defendant presented his defense at trial, the court had a colloquy regarding his decision to testify. The court asked defendant if he recalled the discussion from a week earlier "about [his] rights to testify and . . . remain silent." Defendant confirmed his recollection. Nevertheless, the court again advised defendant of his rights "to remain silent, not testify, and . . . to instruct the jury that they can in no way use [his] silence against" him. After defendant was allowed to confer with trial counsel, defendant advised the court he decided not to "take the stand" and testify. Defendant confirmed he was not threatened, and the decision was voluntary. Defendant's bald contention that he was "strong

armed by his trial counsel 'not to testify,'" as witnessed by his sister, is without factual support. Thus, we agree that defendant's claim that he was forced not to testify is baseless.

We also reject defendant's PCR claim that the second PCR court erred in not specifically addressing his assertion "that trial counsel was having an affair with . . . [his] then wife," which his sister allegedly confirmed. Defendant's claim was a bald statement unsupported by any material fact. His sister's single certified sentence that defendant's wife "had a relationship with . . . [defendant's] attorney while . . . representing him" is similarly bare. The second PCR court noted in its written opinion that it had reviewed all of defendant's submissions and contentions but found each of his claims lacked merit. While not directly addressing defendant's baseless assertions regarding his wife's relationship with counsel and the State's investigator's "friend[ship with] the prosecuting attorney," the court's decision explained that "many of the enumerated reasons offered by . . . [defendant]" were statements made "without any evidence." We also observe that during the trial, when the trial court inquired whether defendant's wife would testify, trial counsel represented that communications with defendant's wife were "through a third-party," "her whereabouts" were

unknown, and she was difficult to serve and apparently had not received a subpoena.

Defendant's bald IAC claims did not establish a prima facie case of IAC and did not warrant an evidentiary hearing. Cummings, 321 N.J. Super. at 170. We further conclude defendant failed to make a prima facie showing that appellate and PCR counsel were ineffective and that he was prejudiced by their conduct. We note defendant failed to specifically support that PCR counsel was ineffective for failing to raise an argument that was not substantively addressed in defendant's direct appeal or PCR adjudications.

Finally, defendant argues reversal is warranted because the second PCR court relied on facts not in evidence. Defendant avers the second PCR court misstated that "[d]ue to the overwhelming evidence against him, defendant argue[d] that his trial counsel should have advised him to take the plea and because they failed to do so, they were ineffective" and that defendant "was offered a plea of [eleven] years." We note that defendant's third PCR petition's supplemental certification directly contradicts his IAC plea argument. He asserted that trial counsel was ineffective for failing to inform him "about the possibility of a plea deal" and that he had since "learned that there was a [fifteen-]year plea deal." While the second PCR court's decision states that defendant

claims he was advised of an eleven-year plea offer, the error in years was not material to the second PCR court's findings. We also note that this contention is procedurally barred because the first PCR court denied defendant's substantially similar IAC claim that trial counsel "never informed [defendant] of the terms of the plea" and had "rejected the plea without consulting [him]." For these reasons, we discern no reason to disturb the second PCR court's denial of defendant's PCR petition without an evidentiary hearing.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3499-23